Laramore, Judge,
dissenting:
I respectfully dissent for the following reasons:
Section 272 (a) (1) requires that the Commissioner issue a 90-day letter before assessment of a deficiency. I think this section is mandatory. Any other interpretation would prevent taxpayer from seeking relief in the Tax Court.
In the Lehigh case, relied upon by the majority, the taxpayer did have the statutory notice of deficiency and had the right to appeal to the Board of Tax Appeals, now the Tax Court. In the present situation, plaintiff was completely foreclosed from resorting to the Tax Court unless it filed injunction proceedings in the proper court.
It seems to me that the failure to exercise a right to enjoin an invalid assessment could not of itself make an invalid assessment valid.
*553 There can be no question that if the assessments here involved were void and of no effect, the statute of limitations has run and under section 3770 (a) (2) plaintiff is entitled to a refund.
I would grant plaintiff’s motion for summary judgment.
Whitaker, Judge, joins in the foregoing dissent.